[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 16, 1997
The issue raised by defendant Michael Doyle's motion to strike concerns the existence of a cause of action, separate and CT Page 3735 distinct from loss of consortium, based on the inability of the plaintiff husband, Joseph Iurato, to procreate with his wife as a result of the allegedly negligent actions of the defendant doctor in performing surgical procedures on the wife.
On July 25, 1996, the plaintiffs, Theresa Iurato and Joseph Iurato, filed a ten-count complaint against the defendants, Michael Doyle, M.D. (Doyle); Stephen Rosenman, M.D. (Rosenman); and, Bridgeport Hospital. The plaintiffs are husband and wife. The gravamen of the complaint is that Doyle, Rosenman, and Bridgeport Hospital negligently treated and performed surgical procedures on Theresa Iurato, such that she is now unable to conceive, carry and give birth to a child.
On October 31, 1996, Doyle filed a motion to strike count five of the plaintiffs' complaint along with a supporting memorandum of law. On November 27, 1996, the plaintiff's filed a memorandum of law in opposition to Doyle's motion to strike.[1]
Count five alleges that Doyle negligently performed a laparoscopy procedure on Theresa Iurato. Count five t further alleges that as a result of Doyle's negligent laparoscopy, Joseph Iurato will never be able to procreate with his spouse and has permanently lost all the joys and pleasures associated with procreation and raising natural children of his marriage to Theresa Iurato.
Doyle moves to strike count five on the ground that it merely alleges an element of a claim for loss of consortium and does not allege an independent cause of action.[2] The plaintiffs respond that count five sets forth an independent cause of action for medical malpractice against Doyle on behalf of Joseph Iurato.
In Hopson v. St. Mary's Hospital, 176 Conn. 485, 408 A.2d 260
(1979), the Connecticut Supreme Court recognized a claim for loss of consortium in both spouses. "The term consortium is usually defined as encompassing the services of the wife, the financial support of the husband, and the variety of intangible relations which exist between spouses living together in marriage. These intangible elements are generally described in terms of affection, society, companionship and sexual relations." (Citations omitted; internal quotation marks omitted.) Id., 487. The Hopson court stated that "an injury to one's spouse may turn a happily married man or woman into a lifelong nurse and deprive him or her of an opportunity of having children and of raising a CT Page 3736 family." Id., 493. "Loss of consortium, although a separate cause of action, is not truly independent, but rather derivative and inextricably attached to the claim of the injured spouse." Izzov. Colonial Penn Ins. Co., 203 Conn. 305, 312, 524 A.2d 641
(1987).
"Malpractice is commonly defined as the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services . . ." (Internal footnote omitted, internal quotation marks omitted.) Barnes v. Schlein,192 Conn. 732, 735, 473 A.2d 1221 (1984). "A physician is under a duty to his patient to exercise that degree of care, skill and diligence which physicians in the same general line of practice ordinarily possess and exercise in similar cases." Cross v. Huttenlocher,185 Conn. 390, 393, 440 A.2d 952 (1981). A medical malpractice action is a type of negligence action. Burns v. Hanson, Superior Court, judicial district of Middlesex, Docket No. 72342,13 CONN. L. RPTR. 593 (March 8, 1995) (Stanley, J.). "The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 384 (1994). Logically, the four essential elements to a malpractice action are, "(1) the defendant must have a duty to conform to a particular standard of conduct for the plaintiff's protection; (2) the defendant must have failed to measure up to that standard: (3) the plaintiff must suffer actual injury; and (4) the defendant's conduct must be the cause of the plaintiff's injury. LaBieniec v. Baker, 11 Conn. App. 199, 202-03,526 A.2d 1341 (1987).
"The existence of a duty is a question of law and [o]nly if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand. If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant." (Citations omitted; internal quotation marks omitted.) RKConstructors. Inc. v. Fusco Corp., supra, 231 Conn. 384-85. In the context of malpractice, "there can be no actionable negligence on the part of a physician where there is no physician-patient relationship. " Meehan v. Yale New HavenHospital, Superior Court, judicial district of Fairfield, Docket CT Page 3737 No. 320418, 16 CONN. L. RPTR. 437 (March 12, 1996) (Hartmere, J.); Ali v. Community Health Care Plan, Inc., Superior Court, judicial district of New Haven, Docket No. 364055 (July 25, 1995) (Martin, J.); Burns v. Hanson, supra; Sackter v. St. Onge,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 504004, 8 CONN. L. RPTR. 614 (April 14, 1993) (Wagner, J.).
In the present action, paragraph five of count five alleges that "[c]ommencing on or about May 31, 1994, the plaintiffs sought and received medical care, advise [sic], consultation and treatment under the care of the defendant, Michael Doyle, M.D. for the purposes of facilitating their conception of a child and their ability to procreate." Paragraph seven of count five alleges that "[o]n or about July 13, 1994, Theresa Iurato was admitted to the Bridgeport Surgical Center in Bridgeport, Connecticut, where hysteroscopy, laser laparoscopy, and bilateral tuboplasty/fimbrioplasty were performed by the defendant, Michael Doyle, M.D." Paragraph thirteen of count five alleges that "[o]n or about August 15, 1994, Theresa Iurato was diagnosed with a right tubo-ovarian abscess." Paragraph fourteen of count five alleges that "[o]n or about August 17, 1994, the defendant, Stephen Rosenman, M.D., performed a total abdominal hysterectomy and bilateral salpingo-oophorectomy on Theresa Iurato." Paragraph fifteen of count five alleges that "[a]s a consequence of the foregoing, Theresa will never be able to conceive, carry, and give birth to a child." Paragraph sixteen of count five alleges that Doyle negligently caused Theresa Iurato's inability to conceive, carry and give birth to a child "in one or more of the following ways: (a) he departed from the accepted standards of care in like conditions for the providing of proper care for the plaintiff, Theresa Iurato, as set forth herein. (b) he improperly performed said laparoscopy procedure; (c) he failed to properly close, secure, suture and/or complete said laparoscopy procedure." Finally, paragraph seventeen of count five alleges that "[a]s a direct and proximate result of the negligence of the defendant. Joseph Iurato will never be able to procreate with his spouse, Theresa Iurato, and has permanently lost all the joys and pleasures associated with procreation and raising natural children of his marriage to Theresa Iurato."
Although paragraph five of count five makes the general allegation that both Theresa and Joseph Iurato sought and received medical care, advice, consultation and treatment from Doyle, the material allegations of count five indicate that only CT Page 3738 Theresa Iurato was a patient of Doyle. Count five alleges no facts indicating that a physician-patient relationship existed between Joseph Iurato and Doyle such that Doyle could be found to owe Joseph Iurato a duty of care. Absent such a duty, Joseph Iurato's claim of medical malpractice by Doyle is legally insufficient and Doyle's motion to strike count five must, therefore, be granted.
Based on the foregoing, defendant Michael Doyle's Motion to Strike (docket entry no. 119) is granted.
HARTMERE, J.